IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 04-1824 T

(Judge Marian Blank Horn)

BAYER CORPORATION, et. al.,

Plaintiffs

v.

UNITED STATES,

Defendant

# ANSWER

Defendant, the United States, in answer to the complaint of plaintiffs, Bayer Corporation, Bayer Advanced, L.L.C., Bayer Corporation as successor to Bayer Chemicals Corporation, Bayer Cropscience, LP, Bayer Pharmaceuticals Corporation, Bayer Healthcare, L.L.C., Bayer Materials Science, L.L.C., f/k/a/ Bayer Polymers, L.L.C., and Sheffield Plastics, Inc., respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

1-8. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1-8 of the complaint.

9. Admits the allegations in paragraph 9 of the complaint.

10. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11. Admits that this is a case for a refund of an internal revenue tax pursuant to 26 U.S.C. § 7422.

12. Jurisdiction, to the extent it exists, would be based on 28 U.S.C. § 1491.

13. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14-15. Paragraphs 14 and 15 of the complaint do not set forth factual allegations to which a response is required.

16. Admits that paragraph 16 expresses the plaintiffs' position expressed in each claim for refund, but denies that amounts paid during the periods at issue were not subject to FICA.

17. Admits the allegations in paragraph 17 of the complaint but avers that the ground for recovery set forth in paragraph 17 was the only ground for recovery set forth in the claims for refund attached to the complaint as exhibits A-H. .

18-20. Denies the allegations in paragraphs 18-20 of the complaint.

21-23. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 21-23 of the complaint.

24. Admits the allegations in paragraph 24 of the complaint.

25-29. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 25-29 of the complaint.

30. Denies the allegations in paragraph 30 of the complaint.

31. In response to the allegations in the first sentence in paragraph 31 of the complaint the defendant incorporates and restates its responses to paragraphs 1-30 of the complaint; in response to the remaining allegations in paragraph 31 of the complaint states that its attorneys lack knowledge of information sufficient to form a belief as to the truth of those remaining allegations.

32. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the complaint.

33-58. Denies the allegations in paragraphs 33-58 of the complaint.

59. In response to the allegations in the first sentence in paragraph 59 of the complaint the defendant incorporates and restates its responses to paragraphs 1-30 of the complaint; in response to the remaining allegations in paragraph 59 of the complaint states that its attorneys lack knowledge of information sufficient to form a belief as to the truth of those remaining allegations.

60. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the complaint.

61-64. Denies the allegations in paragraphs 61-64 of the complaint.

65. In response to the allegations in the first sentence in paragraph 65 of the complaint the defendant incorporates and restates its responses to paragraphs 1-30 of the complaint; in response to the remaining allegations in paragraph 65 of the complaint states that its attorneys lack knowledge of information sufficient to form a belief as to the truth of those remaining allegations.

66. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the complaint.

67-77. Denies the allegations in paragraphs 67-77 of the complaint.

78. In response to the allegations in the first sentence in paragraph 78 of the complaint the defendant incorporates and restates its responses to paragraphs 1-30 of the complaint; in response to the remaining allegations in paragraph 78 of the complaint states that its attorneys lack knowledge of information sufficient to form a belief as to the truth of those remaining allegations.

79. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the complaint.

80-88. Denies the allegations in paragraphs 80-88 of the complaint.

89. Admits that the IRS sent plaintiff, Bayer Cropscience, a letter indicating that its claim for refund for the first and fourth quarters of 2004 had been approved; admits that no portion of the claimed refund has been paid by the IRS; avers that the IRS reversed its prior allowance of those claims for refund.

90-92. Denies the allegations in paragraphs 90-92 of the complaint.

93. Admits that the IRS sent plaintiff, Bayer Cropscience, a letter indicating that its claims for refund for the first and fourth quarters of 2004 had been approved; admits that no portion of the claimed refund has been paid by the IRS; avers that the IRS has reversed its prior allowance of those claims for refund.

94. Denies the allegations in paragraph 94 of the complaint.

95. In response to the allegations in the first sentence in paragraph 95 of the complaint the defendant incorporates and restates its responses to paragraphs 1-30 of the complaint; in response to the remaining allegations in paragraph 95 of the complaint states that its attorneys lack knowledge of information sufficient to form a belief as to the truth of those remaining allegations.

96. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the complaint.

97-107. Denies the allegations in paragraphs 97-107 of the complaint.

108. In response to the allegations in the first sentence in paragraph 108 of the complaint the defendant incorporates and restates its responses to paragraphs 1-30 of the complaint; in response to the remaining allegations in paragraph 108 of the complaint states that its attorneys lack knowledge of information sufficient to form a belief as to the truth of those remaining allegations.

109. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 of the complaint.

110-120. Denies the allegations in paragraphs 110-120 of the complaint.

121. In response to the allegations in the first sentence in paragraph 121 of the complaint the defendant incorporates and restates its responses to paragraphs 1-30 of the complaint; in response to the remaining allegations in paragraph 121 of the complaint states that its attorneys lack knowledge of information sufficient to form a belief as to the truth of those remaining allegations.

122. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the complaint.

123. Denies the allegations in paragraph 123 of the complaint.

124-125. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 124 and 125 of the complaint.

126-130. Denies the allegations in paragraphs 126-130 of the complaint.

131. In response to the allegations in the first sentence in paragraph 131 of the complaint the defendant incorporates and restates its responses to paragraphs 1-30 of the complaint; in response to the remaining allegations in paragraph 131 of the complaint states that its attorneys lack knowledge of information sufficient to form a belief as to the truth of those remaining allegations.

132. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the complaint.

133-135. Denies the allegations in paragraphs 133-135 of the complaint.

WHEREFORE, defendant prays that the complaint of plaintiffs, Bayer Corporation, Bayer Advanced, L.L.C., Bayer Corporation as successor to Bayer Chemicals Corporation, Bayer Cropscience, LP, Bayer Pharmaceuticals Corporation, Bayer Healthcare, L.L.C., Bayer Materials Science, L.L.C., f/k/a/ Bayer Polymers, L.L.C., and Sheffield Plastics, Inc., be dismissed with prejudice, with defendant's costs to be taxed against the plaintiff and with such other relief as

the Court deems appropriate and just.

Respectfully submitted,

s/Benjamin C. King, Jr.
BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

March 3, 2006